522

Julia MULANAX, Plaintiff—Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant—
Appellee.

No. 06–35731.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 27, 2008.*

Filed Sept. 18, 2008.

PMB # 294, West Linn, OR, for Plaintiff-Appellant.

Karen Immergut, Esq., Office of the U.S. Attorney Mark O. Hatfield U.S. Courthouse, Portland, OR, David R. Johnson, Esq., Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: T.G. NELSON, HAWKINS, and BYBEE, Circuit Judges.

## MEMORANDUM **

Julia Mulanax appeals the district court's order affirming the Commissioner of Social Security's denial of her application for disability insurance benefits under the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's judgment af-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

firming the Commissioner's denial of benefits de novo. *Ukolov v. Barnhart,* 420 F.3d 1002, 1004 (9th Cir.2005). We reverse and remand.

The Administrative Law Judge (ALJ) erred by failing to request medical source statements from Dr. Tibbitts because the evidence as to what Mulanax could still do despite her impairments was ambiguous and incomplete. *See Mayes v. Massanari,* 276 F.3d 453, 459–60 (9th Cir.2001).

Additionally, the ALJ erred by failing to give any consideration to lay witness Diana Long's statements addressing Mulanax's ability to work. *See* 20 C.F.R. § 416.913(d)(4). Because Long's statements bolstered Mulanax's claims of fatigue, that error is not harmless. *See Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1056 (9th Cir.2006).

The ALJ's rejection of Dr. Calvert's conclusions was not supported by substantial evidence in the record. *See Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1996). The ALJ rejected Dr. Calvert's conclusions because the ALJ objected to the form Dr. Calvert used. The ALJ has a duty to fully develop the record. *Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir.1996). If the ALJ questioned Dr. Calvert's conclusions, the ALJ should have conducted an inquiry by subpoenaing Dr. Calvert or submitting further questions to him. *See id.* Also, Dr. Calvert's statements that Mulanax seems to feel better since she ceased working and that working is "really difficult" for Mulanax with her fibromyalgia support Dr. Calvert's opinion that Mulanax was unable to work

We need not reach the issue of the ALJ's credibility determination because the ALJ will need to reassess Mulanax's

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

credibility based on the record developed upon remand. Nonetheless, we note that Mulanax's receipt of unemployment benefits does not by itself support a conclusion that she is not credible. Generally, in order to be eligible for disability benefits under the Social Security Act, the person must be unable to sustain full-time work- eight hours per day, five days per week. *See* SSR 96–8p. However, under Oregon law, a person is eligible for unemployment benefits if she is available for some work, including temporary or part time opportunities. *See* Or. Admin. R. 471–030–0036(2)(b), (3)(b). Therefore, Mulanax's claim of unemployment in Oregon is not necessarily inconsistent with her claim of disability benefits under the Social Security Act.

Furthermore, we note that there is no support in the record for the proposition that only a neurologic abnormality can cause a "burning" sensation. Additionally, Mulanax's testimony that she was fatigued and would fall asleep while working is corroborated by Long's statements, Dr. Wood's report that Mulanax was so tired she almost fell off of her chair at work, and references to fatigue throughout Mulanax's medical records.

Finally, the ALJ should revisit his conclusions regarding Dr. Tibbitts' GAF assessment as well as his determination that Mulanax's migraines are controlled by medication in light of the record as it is developed upon remand. We have considered and reject and all other claims raised on appeal.

We remand to the district court with instructions to remand to the Commission-er for further proceedings consistent with this decision.

**REVERSED AND REMANDED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.